IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACOB NEWLEN,

    Petitioner,

v.                              Civil Action No. 5:13CV112
                                (Criminal Action No. 5:11CR24)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

On July 5, 2011, the pro se[1] petitioner, Jacob Newlen, entered into a plea agreement in which he pled guilty to a one-count information charging him with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Within this plea agreement, the petitioner waived his right to have sentencing determinations made by a jury. This Court, thereafter, sentenced the petitioner to 57 months imprisonment and a three-year term of supervised release. The petitioner did not file a direct appeal of his sentence.

On August 20, 2013, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In this motion, the petitioner argues that his sentence is

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

unconstitutional in light of the United States Supreme Court's decision in Alleyne, v. United States, 133 S. Ct. 2151 (2013).

This matter was referred to United States Magistrate Judge James E. Seibert for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge entered a report and recommendation recommending that the petitioner's § 2255 motion be denied and dismissed with prejudice. Specifically, the magistrate judge found that the petitioner's motion should be denied as untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The parties did not file such objections. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 motion must be denied and dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes is a one-year limitation period within which any federal habeas corpus motion must be filed:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitation period begins "running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." <u>Hill v. Braxton</u>, 277 F.3d 701, 704 (4th Cir. 2002). Applying such rule to the instant case, the magistrate judge found that the petitioner's motion was untimely pursuant to § 2255(f)(1). This Court finds no clear error in such finding. On September 20, 2011, this Court sentenced the petitioner. The

petitioner did not file a direct appeal of such sentence. Thus, according to the AEDPA, the statute of limitations to file a § 2255 motion started to run on October 4, 2011, pursuant to § 2255(f)(1) and the petitioner had until October 4, 2012, to file his motion. The petitioner did not file his § 2255 motion until August 20, 2013. This is well over one year from the date on which the statute started to run. Accordingly, the petitioner's motion is untimely pursuant to subsection 1, as it was filed after the statute of limitations period expired.

The magistrate judge also found that the remaining subsections are inapplicable to petitioner's motion. Initially, the magistrate judge found that the petitioner's motion is not based on new facts or that the government created an impediment to his filing a timely § 2255 motion. Thus, the magistrate judge found that § 2255(f)(2) and (4) are not applicable. After a review of the petitioner's motion, this Court agrees and finds no clear error in the magistrate judge's findings as to subsections 2 and 4.

The petitioner does assert in his motion that subsection 3 applies to his motion. Section 2255(f)(3) provides the petitioner with one year to file a motion under § 2255 from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus, petitioner argues he had one year from the date of the

Supreme Court's decision in <u>Alleyne</u> to file his § 2255 motion. The magistrate judge, however, found that this subsection does not apply to petitioner's motion because <u>Alleyne</u> is not retroactively applicable to cases on collateral review. Further, the magistrate judge found that even if the petitioner was entitled to collateral review of his claim under <u>Alleyne</u>, he waived his right for a jury to make sentencing determinations beyond a reasonable doubt by signing his plea agreement and his conviction did not carry a mandatory minimum sentence.

This Court finds no clear error in the magistrate judge's finding that <u>Alleyne</u> is not retroactively applicable to cases on collateral review and his finding that, even so, the circumstances at issue are distinguishable from the circumstances presented in <u>Alleyne</u>. In <u>Alleyne</u>, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S. Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the

5

mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the United States Courts of Appeal for the Seventh and Tenth Circuits, because Alleyne is merely an extension of Apprendi, and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, this implies that Alleyne is also not to be retroactively applied. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013). This Court agrees with such reasoning, and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure, as described in O'Dell v. Netherland, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that Alleyne should not be retroactively applied because it is a mere extension of Apprendi. See United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United States v. Stanley, No. 09-0022, 2013 WL 3752126 (N.D.

Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

Additionally, as noted by the magistrate judge, the petitioner waived his right for a jury to make sentencing determinations beyond a reasonable doubt and his conviction did not carry a mandatory minimum sentence. In Alleyne, the defendant did not waive the right for the jury to make sentencing determinations, as he did not plead guilty, but instead was found guilty by a jury. Further, the sentencing determination at issue in Alleyne was one concerning a statutory mandatory minimum sentence. No count in the petitioner's case carried a mandatory minimum sentence. Accordingly, not only is Alleyne not applicable because it does not retroactively apply to collateral review, but it is also not applicable because the circumstances in petitioner's case do not present a similar issue to those in Alleyne.

## IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge (ECF No. 7) and it is therefore AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2255 motion (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 5, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE